IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| RANDALL RICHARD,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, UNITED STEELWORKERS LOCAL 211A, and LINCOLN NATIONAL LIFE INSURANCE PLAN POLICY #0000010203853,<br><br>Defendants. | CIVIL ACTION NO.:  2:22-cv-1250<br><br>(removed from the 38th Judicial District Court, Cameron Parish, Louisiana Case No. 10-20795) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 29 U.S.C. § 1132(e)(1), defendant The Lincoln National Life Insurance Company ("Lincoln")[1] removes this action to the United States District Court for the Western District of Louisiana, Lake Charles Division.  This Court has federal question jurisdiction because plaintiff Randall Richard ("Plaintiff") seeks to recover disability insurance benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  In support of this Notice of Removal, Lincoln states as follows:

---

[1] Lincoln issued Policy 000010203853 (the "Policy") to USW Local 211A ("USW") effective April 1, 2015 to fund benefits under USW Local 211A's employee welfare benefit plan (the "Plan").  Lincoln is the properly named defendant for the Plan.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff commenced this civil action against Lincoln and USW Local 211A ("USW") in the Thirty-Eighth Judicial District Court, Cameron Parish, for the State of Louisiana on March 25, 2022.  The state court action is Case No. 10-20795.

2. Plaintiff's claims arise out of a dispute regarding benefits under an employee benefit plan and must be raised pursuant to the ERISA, 29 U.S.C. §§ 1001, *et. seq*. *See* Ex. A, Pet.

3. The Thirty-Eighth Judicial District Court, Cameron Parish, is a state court within this judicial district and division.  *See* 28 U.S.C. § 98.

4. Copies of all pleadings, processes, and orders in the state court action are attached as Exhibits A through C as follows:  **Exhibit A**:  State Court Petition; **Exhibit B**:  Citation issued to Lincoln; and **Exhibit C**:  Request for Written Notice of Assignment and Written Notice of Any Order or Judgment Made or Rendered.

5. Lincoln was served with process on April 8, 2022, via Lincoln's registered agent. *See* Ex. B, Citation.

## II.   GROUNDS FOR REMOVAL

6. This action is properly removable under 28 U.S.C. § 1441(a), which provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. Pursuant to 28 U.S.C. § 1331, as amended, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. State law claims completely preempted by ERISA "arise under the laws of the United States and [are] removable to federal court by the defendants." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (internal quotations and citations omitted)); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) ("state law actions displaced by the civil enforcement provisions of ERISA can be characterized as claims arising under federal law" and "such actions can properly be removed to federal court"); *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998) (complete preemption "'re-characterizes' preempted state law claims as 'arising under' federal law for the purposes of…making removal available to the defendant.").

9. Claims within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), are completely preempted and therefore removable. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209-14 (2004) ("any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); *Arana*, 338 F.3d at 437 ("state law claims seeking relief within the scope of ERISA's [civil enforcement provisions] are completely preempted").

10. Here, Plaintiff's claims fall directly within ERISA's civil enforcement provisions and are completely preempted. Specifically, Plaintiff alleges in his Petition to be a beneficiary of "the Plan,… an employee benefit plan, created, established, sponsored, administered and funded by [USW]." *See* Ex. A, Pet. at §§ IV, V. Lincoln issued the Policy to Plaintiff's employer USW to fund benefits under USW's Plan. Plaintiff's Petition "makes a claim for unpaid past and future benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B)" as well as "for attorneys' fees and costs under ERISA." Ex. A, Pet. at §§ XII, XIII.

11. Plaintiff's Petition expressly seeks relief under ERISA's civil enforcement provisions. *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought…(1) by a participant or beneficiary…(B) to recovery benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

12. Plaintiff's Petition is based solely on the allegation that he was not provided benefits under the Policy, and Lincoln's only relationship with Plaintiff is the fact that it was the long-term disability claims administrator for the USW employee benefit plan. Ex. A, Pet. at § VI. As such, any obligations owed by Lincoln arise only from the Plan. Under Fifth Circuit law, this case is properly removable on the basis of federal question jurisdiction. *See Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (holding that "even if the plaintiff did not plead a federal cause of action on the face of the complaint, the claim is "'necessarily federal in character' " if it implicates ERISA's civil enforcement scheme'"); *see also Smith v. Reg'l. Transit Auth.*, 756 F.3d 340, 345 (5th Cir. 2014); *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 285 (5th Cir. 2013) *cert. denied*, 134 S. Ct. 906 (2014).

13. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1) and Plaintiff's claims raise federal questions under which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.

**III.   ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED.**

14. In addition to adequately demonstrating that federal question jurisdiction exists, Lincoln has satisfied all other requirements for removal.

15. In accordance with 29 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the state court action are attached hereto as Exhibits A through C.

16. Removal to this district is proper under 28 U.S.C. § 98 because the Western District of Louisiana embraces the forum in which the removed action was pending.

17. In accordance with 28 U.S.C. §1446(d), Lincoln will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the Thirty-Eighth Judicial District Court, Cameron Parish, where this action is currently pending.

18. Finally, removal of this action is timely. Lincoln was served with process in this action on April 8, 2022 via its registered agent. This removal is timely under 28 U.S.C. § 1446(b) because Lincoln filed this notice within thirty (30) days of such service. *See* 28 U.S.C. § 1446(b)(1).

19. In accordance with 28 U.S.C. § 1446(b)(2)(A), USW has consented to the removal of this action. (*See* **Exhibit D**, Notice of Consent to Removal).

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

21. Lincoln reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant The Lincoln National Life Insurance Company prays this Court will make any and all orders necessary to effect the removal of this action from the Thirty-Eighth Judicial District Court, Cameron Parish, and will prepare the true record of all proceedings that may have been had in the state court.

Dated, this the 9th day of May, 2022.

Respectfully submitted,

*s/Avery A. Simmons*
Avery A. Simmons (La. Bar Roll No. 32942)
Bradley Arant Boult Cummings LLP
214 North Tryon Street, 37th Floor
Charlotte, North Carolina 28202
704.338.6021 tel | 704.332.8858 fax
asimmons@bradley.com

*Attorney for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

    Larry A. Roach
    Larry A. Roach, Inc.
    2917 Ryan Street
    Lake Charles, Louisiana 70601
    lroach@larryaroachinc.com

                                    *s/Avery A. Simmons*
                                    OF COUNSEL