# EXHIBIT A

| | | |
|---|---|---|
| RANDALL RICHARD | : | 38th JUDICIAL DISTRICT COURT |
| VS. NO. 10-20795 | : | PARISH OF CAMERON |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY | : | STATE OF LOUISIANA |
| AND | : | |
| UNITED STEELWORKERS LOCAL 211A | : | |
| AND | : | |
| LINCOLN NATIONAL LIFE INSURANCE PLAN POLICY # 0000010203853 | : | |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

RECEIVED & FILED 2022 MAR 25 P 1:41 CLERK OF COURT CAMERON PARISH, LA.

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff RANDALL RICHARD, who respectfully represents as follows:

I.

Plaintiff, RANDALL RICHARD, is a person of the full age of majority and a domiciliary of Cameron Parish, Louisiana.

II.

Made Defendants herein are:

1. Lincoln National Life Insurance Company, hereinafter referred to as "Lincoln", a foreign corporation who may be served through their agent for service of process, Corporate Service Corporation, 501 Louisiana Avenue, Baton Rouge, LA 70802;

2. United Steelworkers Local 211A, hereinafter referred to as "USW Local 211A", a Louisiana 501(c)(3) corporation who may be served through their agent for service of process, Cody Kay, 116 Martin Lane, Lake Charles, Louisiana 70607; and

3. Lincoln National Life Insurance Plan Policy # 0000010203853, hereinafter referred to as "The Plan", a Long-Term Disability Plan that may be served through its agent for service of process, the agents for either Lincoln or USW Local 211A.

III.

Venue is appropriate in Cameron Parish under Louisiana Civil Code of Procedure 76.

IV.

The Long-Term Disability Plan for members of USW Local 211A, hereinafter referred to as "The Plan", is an employee benefit plan, created, established, sponsored, administered and funded by USW Local 211A in the State of Louisiana.

V.

Plaintiff was a member of the USW Local 211A at all relevant times and was a participant of the Plan and at all times qualified as a beneficiary under the Plan.

VI.

Defendant, Lincoln, acted at all times as a fiduciary of the Plan by virtue of being the Plan Administrator, and determining the eligibility for benefits under the Plan. Lincoln's Plan specifically states, "Except for the functions that this Policy clearly reserves to the Policyholder or Employer, the Company has the authority to manage this Policy, interpret its provisions, administer claims and resolve questions arising under it." (Policy Plan, page 14, subheading 6, sentences 1-3).

VII.

Plaintiff worked as a millwright in Calcasieu Parish. As a member of USW Local 211A, Plaintiff was entitled to benefits under USW Local 211A's Plan. Plaintiff sustained serious injuries when he was working on a tower structure in an industrial plant owned by Alcoa Inc. The flooring on the structure was unstable, unbeknownst to Plaintiff. The floor grating was not correctly sized, not welded or fastened down correctly, and was hazardous and unreasonably dangerous. When Mr. Richard was engaged in his normal duties on the 35-foot level of the tower, the grating upon which he was standing shifted, gave way and collapsed, which caused Petitioner to fall approximately eight (8) feet and resulted in injuries to his neck and back. Mr. Richard has back surgery the next day due to his injuries. As a result of the incident, Plaintiff was ultimately unable to return to work due to significant pain and suffering, a traumatic brain injury, various neurological and psychological disorders, and permanent physical impairment. Plaintiff applied for long-term disability benefits through Lincoln, the third-party vendor/insurer responsible for administering USW Local 211A's long-term disability plan and has been denied benefits.

VIII.

Plaintiff has been diagnosed as totally disabled since 2019. Plaintiff is expected to remain permanently disabled, and is entitled to benefits under this Plan, and is currently still being treated

by several health care providers for his injuries. Plaintiff has provided considerable proof to Lincoln of Plaintiff's permanent disabilities, both physical and mental, as well as Plaintiff's inability to resume the main duties of his employment, and his inability to resume any employment which provides more than 80% of his former earning capacity prior to the disability. Under the terms of the Plan, Plaintiff is entitled to the full long-term disability benefits of the Plan administered by Lincoln.

IX.

Lincoln initially approved Plaintiff's long-term disability benefits on basis of mental health conditions. Pursuant to the Plan, Lincoln stated that the long term disability benefit period would cover Plaintiff from 2/20/2020 to 2/20/2022. However, Lincoln erroneously terminated those benefits effective 2/11/2021, well short of the Plan's terms.

X.

Despite receiving overwhelming proof that Plaintiff remained qualified for benefits under the Plan's terms, Defendant, Lincoln, prematurely, arbitrarily, and capriciously misinterpreted the Plan's terms and provisions and made erroneous and unreasonable factual findings to discontinue and deny Plaintiff's benefits

XI.

Plaintiff filed multiple appeals of the denial of long-term disability, and Plaintiff has exhausted all administrative remedies prior to filing this lawsuit.

XII.

Plaintiff makes a claim for unpaid past and future benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), which states that a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of an ERISA Plan, to enforce his or her rights under the terms of the Plan, or to clarify his or her rights to future benefits under the terms of the Plan. The Defendants' actions constituted an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

XIII.

Under the standards applicable to ERISA, Plaintiff deserves to recover a reasonable attorney's fee and costs of the action herein. Plaintiff makes a claim for attorneys' fees and costs under ERISA against Defendant, Lincoln.

WHEREFORE, the Plaintiff respectfully prays that the Court:

A. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as provided for in USW Local 211A's Plan retroactively and for the pendency of disability;

B. Award Plaintiff the full amount of unpaid benefits and/or wages under to which he is entitled, together with such pre-suit, post-suit, and post-judgment interest as may be allowed by law;

C. Award Plaintiff the costs of this action and reasonable attorneys' fees;

D. Award such other equitable relief as the Court deems just and reasonable.

Respectfully submitted,

_____
LARRY A. ROACH, III (37284)
Attorney for RANDALL RICHARD
Larry A. Roach, Inc.
2917 Ryan Street
Lake Charles, LA 70601
(337) 433-8504 / (337) 433-3196 Fax
lroach@larryaroachinc.com

Please serve Defendants in accordance with Paragraph II.